UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GRAVES, *et al.*,

    Plaintiffs,                          Case No. 04-70165

v.                                       Honorable John Corbett O'Meara

CITY OF FLINT,

    Defendant.
_____/

**ORDER GRANTING
DEFENDANT'S MAY 13, 2005 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on defendant City of Flint's May 13, 2005 motion for summary judgment. Plaintiffs filed a response June 3, 2005; and Defendant filed a reply August 12, 2005. Oral argument was heard October 19, 2005.

**BACKGROUND FACTS**

Plaintiffs are seven firefighters who were all employees of defendant City of Flint and were covered under a collective bargaining agreement ("CBA") between Local No. 352, Flint Fire Fighters Union and the City of Flint. In their complaint Plaintiffs alleged that the City of Flint refused to promote qualified candidates in violation of Article 59 of the CBA and that the City and union conspired and acted, through discrimination and retaliation, to violate Plaintiffs' First and Fourteenth Amendment rights. Plaintiffs filed suit in January 2004, asserting the following six causes of action: violations of 42 U.S.C. § 1983 against both the City and the union; the union's breach of its duty of fair representation; violations of Michigan's Elliot-Larsen Civil Rights Act; tortious conduct; and conspiracy and concert of actions. Following the court's *sua sponte* dismissal of the state law claims and the court's July 7, 2004 order granting defendant Union's motion to

dismiss, the only remaining claim is under § 1983 against the City of Flint for failure to promote on or after January 16, 2001.

## **LAW AND ANALYSIS**

Plaintiffs' § 1983 claim alleges that they were discriminated against on the basis of race, sex, age, and identification with women and minorities (political affiliation) in violation of the First and Fourteenth Amendments. To the extent Plaintiffs have alleged age discrimination, they allege they were discriminated against in favor of older workers. However, despite their best efforts to leverage their contractual issues into constitutional issues, Plaintiffs have failed to develop a *prima facie* case to demonstrate race, sex, or age discrimination by the City of Flint.

In each case in which they were demoted, Plaintiffs concede it was due to budgetary reasons and that it affected entire groups of employees, not just Plaintiffs. In fact, Plaintiffs themselves are a diverse group in both race and gender and have repeatedly received numerous promotions. As the result of a grievance alleging that Article 59 was violated, the City of Flint reviewed the education credentials of all employees, both active and retired. See Exhibit 9, Settlement Agreement, Follow Up to Settlement Agreement, and Second Follow Up to Settlement Agreement. It was determined that all of the active employees, and all but two of the retired employees, had proper credentials in their files. Thus, Defendant argues, Plaintiffs cannot demonstrate that other individuals received promotions Plaintiffs would have received but for their race, gender, or age.

In order to show a violation of the Equal Protection Clause, a plaintiff must prove that a defendant's actions not only had a discriminatory effect but also were motivated by discriminatory purpose. Personnel Admin. of Mass. v. Feeney, 442 U.S. 256, 272-74 (1979). For Plaintiffs to prove that the City of Flint violated equal protection in the claimed employment actions, Plaintiffs

must show that the City acted with discriminatory intent or purpose. Wesley v. Collins, 791 F.2d 1255, 1262 (6th Cir. 1986). Plaintiffs may not simply introduce evidence of discriminatory intent and suggest that it played a role in an adverse employment decision. Rather, Plaintiffs must demonstrate that any relevant adverse employment decisions would not have been made *but for* their race, sex, or age. Weberg v. Franks, 229 F.3d 514, 522 (6th Cir. 2000).

In support of their allegations, Plaintiffs rely on the extensive affidavit of Dandre Williams, a former acting fire chief for the City of Flint. After reciting a long list of scenarios that could have happened and the promotions Plaintiffs believe should have happened, Williams stated, "I have been present with the various Fire Chiefs and Flint officials under whom I have served [when they have] referred to [Plaintiffs'] race and sex in making employment decisions to hire, promote or make assignments regarding each of these individuals. I have objected each time the Chiefs and City officials have interjected the use of race, sex or age as factors to make personnel decisions for all firefighters in the Flint Fire Department." Plaintiffs' Ex. 1 at 13. Referring to race and sex in making employment decisions, however, is not a violation of the Equal Protection Clause; *acting* with discriminatory intent is.

Plaintiffs also allege that they were discriminated against because of their criticism of the use of provisional appointments, which are provided for in the CBA, and their complaints regarding the City of Flint's interpretation of Article 59 of the CBA. In order for speech to qualify as a constitutionally protected activity, it must be a matter of public, not private, concern. Whether the speech involves a matter of public concern is a matter of law for the court. The court must look to the content, form and context of the speech in question. Matters which are merely a private concern are not protected. Staffing and overtime are matters of a personal nature to the individual employees

3

and are not entitled to First Amendment protection.  See Connick v. Myers 461 U.S. 138 (1983). Once it has been determined that the speech is protected, the employee must then show that the speech was a significant factor in the adverse employment action.  "The nonmoving party may not rely on the mere fact that an adverse employment action followed speech that the employer would have liked to prevent.  Rather, the employee must link the speech in question to the defendant's decision . . . ."  Bailey v. Floyd County Bd. of Ed., 106 F.3d 135, 144 (1997).  In other words, the speech must have *caused* the adverse action.

In this case Plaintiff cannot make either showing.  Plaintiffs' complaints involve the interpretation of the language of the CBA and their desire to have their employment contract interpreted a certain way.  Their complaints about their employment contract are a matter of personal, not public, concern.  Also, there is no evidence to show that Plaintiffs were retaliated against for their speech by denials of promotions to which they were otherwise entitled.  Plaintiffs have been promoted numerous times.  In each case in which a demotion did occur, Plaintiffs admit that it was due to budgetary concerns and that other employees were demoted as well.

## ORDER

It is hereby **ORDERED** that defendant City of Flint's May 13, 2005 motion for summary judgment is **GRANTED.**


       s/John Corbett O'Meara
       John Corbett O'Meara
       United States District Judge

Dated:  November 14, 2005